CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 08 2017

JULIA E. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ANTHONY MEYERS, | ) | CASE NO. 7:17CV00024 |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| KRYSTAL LARGE, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

Anthony Meyers, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging that a nurse practitioner at the jail where he is confined is not providing him adequate medical care. The case has not yet been served on the defendants, and by separate order, the court will direct Meyers to file an amended complaint making a clear and particularized statement of the claims he wishes to pursue against each defendant. On February 7, 2017, however, the court received a letter in which Meyers complains that he is in great pain and seeks immediate court assistance (ECF No. 11). The court construes this submission as a motion for interlocutory injunctive relief that must be denied.

Meyers states that he has been suffering "miserable medical issues" since he was first incarcerated at the "Duffield Jail" in March 7, 2016.[1] (Letter 1, ECF No. 11.) In his submissions, he indicates that over twelve times since his arrival, he has seen doctors and a nurse practitioner, he has been provided antibiotics, and he has undergone tests, but his "issue is still progressing and getting worse. Pain is a 1-10/"10". (Id.) He states that his motions asking to see an outside doctor or specialist have been unsuccessful and that the jail's medical staff is

---

[1] In a copy of a January 23, 2017, jail request form, Meyers states that he has was "placed on a prostate treatment [plan] in Nov. 2016 by KRYSTAL LARGE NP," but has not been back to see her since then. (ECF No. 9.) In response, a jail captain states: "You will need to speak with medical about your situation so it may be properly addressed." (Id.) Meyers does not state whether he thereafter followed appropriate jail procedures to seek different medical care.

aware that his "health is very much in je[o]pardy [and his] issue is getting worse at a fast rate." (Id.) Meyers states: "Could the court please assist me in getting immediate and appropriate medical attention as soon as possible?" (Id. 2.)

The party seeking a preliminary injunction must make a clear showing "that he is likely to succeed on the merits; he is likely to suffer irreparable harm in the absence of preliminary relief; that the balance of equities tips in his favor; and an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Such interlocutory injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Id. at 22.

Only deliberate indifference to an inmate's serious medical need violates the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 102 (1976). A nurse practitioner or other jail staff person is "deliberately indifferent" if she "knows of and disregards [or responds unreasonably to] an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). The deliberate indifference standard "is not satisfied by . . . mere disagreement concerning '[q]uestions of medical judgment,'" Germain v. Shearin, 531 F. App'x 392, 395 (4th Cir. 2013) (quoting Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975)), or mere negligence in diagnosis or treatment. Estelle, 429 U.S. at 105-06.

Meyers, in his motion seeking interlocutory relief to obtain medical care, fails to state facts meeting one of the four required elements in the Winter case. It is clear that Meyers has been provided extensive medical care during his confinement at the jail: examination by doctors and the nurse practitioner, medical tests, and medication. He believes that the care provided was not correct or was insufficient to alleviate his unspecified condition or symptoms. Such allegations of negligent diagnoses or medical care do not meet the required deliberate

2

indifference standard to state a constitutional claim against anyone. Similarly, Meyers' belief that his current condition warrants referral to a specialist is merely a disagreement with the nurse practitioner's medical judgment about the proper course of treatment for his needs. Such disagreements do not support a finding of deliberate indifference. Accordingly, Meyers' current allegations do not show a likelihood that he will succeed on the merits of his constitutional claims against the nurse practitioner, one of the showings he must make under <u>Winter</u> to be entitled to interlocutory injunctive relief.

Because Meyers thus cannot make the necessary, four-factor showing that his situation warrants interlocutory relief, the court will deny his motion. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 8th day of February, 2017.

_____
Chief United States District Judge

3

Case 7:17-cv-00024-GEC-RSB   Document 12   Filed 02/08/17   Page 3 of 3   Pageid#: 76